IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Cr. No. 16-CR-2370 MCA-KK |
| | ) | |
| vs. | ) | |
| | ) | |
| **WILLIAM DETWILER**, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' SENTENCING MEMORANDUM**

The United States respectfully submits this sentencing memorandum, and hereby requests that the Court accept the plea agreement and impose a sentence of 150 months of incarceration followed by a period of lifetime-supervised release with the conditions contained in Attachment A of the Pre-Sentence Investigation Report (PSR). (Doc. 33). Members of the families might address the Court at sentencing to make victim statements, but the United States does not currently anticipate presenting other evidence.

**I.      Acceptance of the Plea Provides Certainty and Finality**

In consideration of acceptance of Defendant's plea agreement, the United States asks this Court to consider the parties' interest in minimizing the uncertainties of trial by negotiating this settlement.  "The potential to conserve valuable prosecutorial resources and for defendants to admit their crimes and receive more favorable terms at sentencing means that a plea agreement can benefit both parties." *Missouri v. Frye*, 132 U.S. 1399, 1407 (2012).  Parties in a criminal case must assess the likely outcome of motions and trial practice.  Defendants in particular must weigh their tolerance for the risk of losing a trial against the benefits of a negotiated settlement.

Likewise, the United States must weigh the public and the victims' interests against the risks of proceeding to trial.

The United States carefully weighed the evidence in this case and evaluated the impact that further litigation would have on the victims' families. In negotiating Defendant's plea agreement, the United States considered the limitations of the case and the impact on the victims' families and weighed them against the nature of the offense and Defendant's history. In assessing Defendant's history, his family ties and responsibilities were taken into account. Accordingly, the United States asks this Court to accept Defendant's plea agreement.

## II.     Procedural History

Defendant was indicted on May 24, 2016. Defendant pleaded guilty to Counts 1 and 2 of the information filed on August 11, 2016. United States Probation filed the PSR on January 20, 2017. The case is set for sentencing on February 6, 2018. The United States concurs with the assessment in the PSR in that Defendant was appropriately determined to fall in Criminal History Category II and Offense Level 43 with a guideline range of life. PSR ¶ 83.

## III.    Analysis Under 18 U.S.C. § 3553(a)

The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining a sentence that is sufficient but not greater than necessary to achieve the statutory purposes of federal sentencing. *See United States v. Booker,* 543 U.S. 220 (2005). Among other considerations, these factors take into account the nature of the offense, the defendant's history, the seriousness of the charge, and the applicable guideline range. 18 U.S.C. § 3553(a).

The nature of the offense in this matter is egregious. Defendant sexually abused two boys. Defendant masqueraded as a good Samaritan, asking these boys if they needed a ride to school. He took advantage of the fact that at least one of the boys had missed the bus, and needed a ride to school. In both cases, Defendant did not know these boys. And, Defendant did

not want to stop after the one occurrence. He continued to drive by the location slowly to try to further abuse the boys. He asked if they would allow him to abuse them again. Defendant took advantage of the victims' misplaced trust in a stranger.

The benefit of the plea to the victims provides that they do not have to testify in court and explain to a room full of people they do not know, the worst things a stranger has done to them. Although it does not minimize the physical and emotional harm caused by Defendant, this will minimize any additional harm to the victims. Both victims experienced serious emotional trauma over the sexual abuse. As stated in the PSR, one victim stated they recently attempted suicide. PSR ¶ 19. The harm caused by Defendant is incalculable.

Defendant's abuse was not limited to these individuals. Defendant also sexually abused another boy and was convicted in 2016 of the unrelated charge of Criminal Sexual Contact of a Minor in state court. The description in the PSR is remarkably similar to the offenses for the two victims in this case. PSR ¶ 52. The boy in the state case was able to take images capturing Defendant abusing him. In addition to that conviction, Defendant was convicted of harassment of minors in a case that sounds like grooming behavior by Defendant. PSR ¶ 51. Defendant was attempting to get boys to smoke marijuana and get in a hot tub with him. Defendant's history indicates he is a danger to the community and likely to reoffend, as these convictions mark his second and third known offenses for molesting teenage boys.

The victims and their families have requested the maximum sentence under the plea agreement for all of the harm Defendant has caused. Defendant is receiving a significant benefit by this plea. Defendant mitigated his exposure from life to 120 to 150 months. Defendant has presented minimal mitigating factors in the PSR. Therefore, the United States requests Defendant be imprisoned for 150 months. Further, based on his multiple victims and attempts at

grooming additional potential victims, this is an individual who needs to be under lifetime supervision. There are three known sexual assault victims, and evidence to support he was attempting to groom other boys to potentially assault them. This was not an isolated event, and for the safety of the community, Defendant needs to be on lifetime supervision.

**IV.     Dr. Roll's report**

The report by psychologist Samuel Roll contains several major errors. It is unclear if this is from misinformation that was provided to him, or errors on his part. It could stem from the lapse of time of over six months from the evaluation to his writing of the report.

In the past, Dr. Roll's testimony has been excluded. *See United States v. Myron Jim Henry*, 20 F. Supp.3d 1196 (D. NM 2014). This order details the times Dr. Roll's testimony has been disallowed or limited in federal court. Part of the order concluded, "In sum, Dr. Roll's proffered support for his expert opinion does not demonstrate that his opinion has a reliable basis in the knowledge and experience of psychology." *Id.* at 1242. "Dr. Roll has failed to provide the Court with a scientific resource that supports his proffered expert testimony, and, therefore, the Court determines that his testimony lacks a reliable basis in the field of psychology." *Id.* at 1244. Dr. Roll also was excluded in state court as an expert in *State of New Mexico v. John Valdez*, D-202-CR-2015-333.

Here, Dr. Roll states that Defendant's childhood abuse was never reported. Yet, the PSR indicates Defendant stated police were dispatched to his home and his father was removed various times. PSR ¶ 61. It also states Defendant was placed in temporary foster care for a period of about two years. PSR ¶ 61. Either Dr. Roll was provided with faulty information, or there was an error in the background information regarding the Defendant, but regardless of the

cause of the error, it shows an inconsistent factual scenario that could cause errors in the analysis of the Defendant.

Dr. Roll provides greater detail about sexual abuse Defendant received as a child. However, defense counsel would not let the Defendant describe this information to the PSR writer. PSR ¶ 74. If the information was deemed irrelevant for Defendant's Presentence Investigation Report, which contains recommendations by the probation office – an arm of the Court – as to Defendant's potential sentence, then it should be excluded from consideration in Dr. Roll's psychological report of Defendant.

It also appears that Dr. Roll based his judgment without the full picture of Defendant's history. Under the procedures section, it lists the two psychological tests as well as structured and unstructured interviews. What it does not list, and is not mentioned in his report, is a review of any of the police reports; the PSR, which had been completed at the time of Dr. Roll's evaluation; or a review of Defendant's court records. In the opening paragraph, Dr. Roll neglects to note that a kidnapping charge was related to sexual abuse. This minimizes the crimes Defendant committed, and it is difficult to decipher if Dr. Roll knew of all Defendant's convictions. At no point does Dr. Roll acknowledge the unrelated convictions for criminal sexual contact of a minor or the harassment of minors from state court. Yet, Dr. Roll felt comfortable concluding Defendant exhibited "uncharacteristic behavior in this case" (Doc. 40-1 p. 4) and "His abusive behavior was not a pattern of sexual acting out against others or intense libidinal urges. It is an aberrant series of instances in a life marked by otherwise sexual inhibition and restraint." (Doc. 40-1 p. 5) Dr. Roll either was unaware of Defendant's history, or disregards the facts in this case. It is unclear if Dr. Roll understood there were two victims in this case. Three convictions relating to molesting boys and another for harassing boys present a

recognizable pattern of abusive conduct by Defendant. Defendant committed two serious acts of sexual abuse in this case, and has a history of abusing other minors.

WHEREFORE, the United States requests the Court accept Defendant's Plea Agreement and sentence Defendant to 150 months of incarceration followed by lifetime-supervised release with the conditions contained in Attachment A of the PSR.

    Respectfully submitted,

    JAMES D. TIERNEY
    Acting United States Attorney

    ***Electronically filed on January 29, 2018***
    NICHOLAS J. MARSHALL
    NOVALINE WILSON
    Assistant U.S. Attorneys
    201 Third St. NW, Suite 900
    Albuquerque, NM 87102
    (505) 346-7274
    (505) 346-7296 fax

I HEREBY CERTIFY that on January 29, 2018, I filed the foregoing pleading electronically through the CM/ECF system, which caused counsel of record to be served by electronic means, as more fully reflected in the Notice of Electronic Filing.

    */s/*
Nicholas J. Marshall
Assistant United States Attorney